UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SAM B. FREDERICK, JR.,

    Petitioner,

v.                                      Case No:  5:11-cv-96-Oc-38PRL

WARDEN, FCC COLEMAN -
MEDIUM,

    Respondent.
_____/

**OPINION AND ORDER**[1]

    Petitioner Sam B. Frederick, Jr. initiated this action as a federal prisoner incarcerated at FCC-Coleman by filing a habeas corpus petition pursuant to 28 U.S.C. § 2241 (Doc. #1, Petition) and incorporated memorandum (Doc. #1 at 9-29, Memorandum) on February 28, 2011.[2]  On March 21, 2011, Petitioner filed a supplement to the Petition. See Doc. #5.  The Petition challenges the validity of Petitioner's plea-based conviction of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(e)(1) entered on

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] Petitioner is now incarcerated at the Federal Medical Center in Butner, North Carolina. See docket.  Jurisdiction and venue attaches at the time a petitioner files a § 2241 petition.  Thus, jurisdiction and venue are proper in this Court.

May 7, 2003.  Petition at 1; Memorandum at 10; Response at 2.  More specifically, Petitioner challenges the enhancement to his sentence on the basis that his sentence was improperly enhanced as an Armed Career Criminal because his prior drug convictions were not proper predicate offenses.  See Memorandum; Supplement.  Additionally, Petitioner argues that his sentence is improper under the Fair Sentencing Act.  See Memorandum.  As relief, Petitioner requests resentencing "not as a [c]areer nor [a]rmed [c]areer [o]ffender."  Id. at 29 (errors in original).

Respondent filed a Response (Doc. #8, Response) moving to dismiss the Petition for lack of jurisdiction and attached a copy of Petitioner's objections raised at the time of Petitioner's conviction to the presentence investigation report ("PSI")(Doc. #8-1, Exh. A).  Upon review of the file, the Court entered an order (Doc. #18) directing Respondent to file a copy of Petitioner's PSI.  A copy of Petitioner's PSI (Doc. #19) has been docketed under seal.  Petitioner filed a Reply (Doc. #9, Reply) to the Response.  This matter is now ripe for this Court's review.

## Procedural History

### A.  Conviction and Direct Appeal

On December 11, 2002, a grand jury in the Middle District of Florida, Tampa Division, returned a four count indictment against Petitioner alleging the following violations: (1) conspiracy to distribute cocaine base; (2) distribution of cocaine base; (3) felon in possession of a firearm; and, (4) possession of a firearm in furtherance of a drug trafficking crime.  See Case No. 8:02-cr-484-T-30TGW (M.D. Fla. 2002)(hereinafter cited to as "CR"), Doc. #16.  On April 30, 2003, Petitioner entered a negotiated plea and pled guilty to Count One (conspiracy to distribute cocaine base) and Count Three (felon in

possession of a firearm.  CR Doc. #29.  Respondent notes that Petitioner was informed by way of his plea agreement that he was facing a maximum sentence of twenty years imprisonment on Count One and a mandatory minimum fifteen years to life imprisonment on Count Three.  Response at 2 (citing CR Doc. #27 at 1-2).  On September 5, 2003, Petitioner was sentenced to 211-months imprisonment.  CR Doc. #35.  Petitioner did not file a direct appeal.  See CR docket.

### B. Collateral Relief

On May 19, 2008, Petitioner filed a motion for retroactive application of the sentencing guidelines to crack cocaine offenses pursuant to 18 U.S.C. § 3582(c)(2).  CR Doc. #41.  Petitioner filed the same motion again on July 1, 2008.  CR Doc. #44.  On July 11, 2008, the district court denied Petitioner's motions, finding in pertinent part as follows:

> At the time of sentencing, the defendant was found to be an armed career criminal as defined at USSG s 4B1.4. Because the defendant's guideline calculations are dictated by the armed career criminal provisions, Amendment 706 would not have the effect of reducing the defendant's guideline calculations.  Therefore, a reduction in the [d]defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c).

CR. Doc. #44.  Petitioner appealed the district court's decision, CR Doc. #44, and the Eleventh Circuit Court of Appeals affirmed the district court on January 20, 2009.

On December 18, 2008, Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 claiming that he did not have the requisite prior offenses to qualify as an armed career criminal, replying on Archer v. United States, 531 F.3d 1247 (11th Cir. 2008).  See Case No. 8:08-cv-02519-T-30TGW (M.D. Fla. 2008) (hereinafter "CV"), Doc. #1 at 4.  On January 20, 2009, the district court denied the motion in pertinent part finding

that Archer (which found that carrying a concealed firearm is not a crime of violence) was inapposite because Petitioner did not have a prior conviction for carrying a concealed firearm used to enhance his sentence. CV Doc. #3. Petitioner subsequently filed a motion for reconsideration and a notice of appeal, but the Eleventh Circuit Court of Appeals dismissed the notes for failure to prosecute. CV Docs. #16, #17, #24.

### C. Current § 2241 Petition

Petitioner then initiated the instant Petition under the "saving's clause" on February 28, 2011. See Petition. Petitioner claims that his prior drug convictions disqualify him as an armed career criminal because of the United States Supreme Court opinions in Johnson v. United States, 559 U.S. 133 (2010), United States v. Chambers, 555 U.S. 122 (2009), and United States v. Begay, 553 U.S. 137 (2008), *inter alia*.

Respondent asserts that Petitioner has never sought leave from the appellate court to file a successive § 2255 motion and none of the cases Petitioner relies upon establish that he was convicted of a non-existent offense. Response at 5. Further, Respondent argues that none of these decisions would have foreclosed Petitioner from raising the instant arguments on direct appeal or in his prior collateral relief motions. Id. at 5-6. Consequently, Respondent argues that this Court must dismiss the Petition for lack of jurisdiction because Petitioner has failed to satisfy his burden under Wofford, has already been denied relief under § 2255, and has not obtained permission from the Eleventh Circuit Court of Appeals. Id. at 6. The Court agrees that this Petition must be dismissed for lack of jurisdiction. See Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011)(en banc)(hereinafter "Gilbert II"), cert. denied, 132 S. Ct. 1001 (2012); Williams v. Warden, Federal Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013); see also

<u>Chester v. Warden</u>, ____ F. App'x ____, 2014 WL 104150 (11 Cir. 2014)(vacating and remanding district court's order denying savings clause petition on the merits with instruction to dismiss for lack of jurisdiction because sentence enhancement did not exceed statutory maximum permitted by the statute under which the petitioner was convicted).

## Analysis

"Typically collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005)(*per curiam*). When a petitioner has previously filed a § 2255 petition, he must apply for and receive permission from the appropriate federal circuit court prior to filing a successive petition. Id. (citing In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996); <u>see</u> <u>also</u> 28 U.S.C. § 2244(b)(3)(A). Additionally, § 2255 motions must be brought in the district court of conviction and are subject to a one-year statute of limitations. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003); 28 U.S.C. § 2255(f). Under limited circumstances, a federal prisoner may file a habeas petition pursuant to § 2241. 28 U.S.C. § 2255(e) provides that:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the application has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

<u>Id</u>. (emphasis added to indicate the savings clause). The last clause of § 2255(e) is the "savings clause." The applicability of the savings clause is a threshold jurisdictional matter, and where it is absent, federal courts lack authority to consider the merits of a petitioner's § 2241 claims. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332,

1343 (11th Cir. 2013) (citing Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999)); see also Bryant v. Warden, FCC Coleman-Medium, 738 F.2d 1253, 1256 (11th Cir. 2013)(recognizing five requirements a petitioner must meet to satisfy the savings clause). Id. at 1339-40 ("[I]n enacting § 2255(e), Congress clearly restricted the subject-matter jurisdiction of the federal courts.").

Petitioner's previous § 2255 motion was denied by the court which imposed his sentence.  Thus, Petitioner may not file another § 2255 motion without first receiving permission from the appropriate United States Court of Appeals, which Petitioner has failed to do. 28 U.S.C. § 2255(h); Darby, 405 F.3d at 945 ("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion").  Thus, Petitioner's only available avenue for collateral relief in a § 2241 petition is through the savings clause.  The savings clause of § 2255 permits a federal petitioner to file a § 2241 petition if the petitioner can establish that § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).  In Gilbert II, the Eleventh Circuit Court of Appeals held that the savings clause "does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." Gilbert II, 640 F.3d at 1323.  The Eleventh Circuit concluded that "for claims of sentence error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." Id. at 1312, see also Id. at 1295 (holding that a federal prisoner cannot "use a

habeas corpus petition to challenge his sentence . . . at least where the sentence the prisoner is attacking does not exceed the statutory maximum.").

Here, Petitioner was convicted of violating 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 922(g)(1) and § 924(e)(1). Looking only at Petitioner's drug conviction, Petitioner could have been subject to a term of imprisonment "of not more than 20 years." See 21 U.S.C. § 841(C); see also CR Doc. #27 (recognizing that "Count One carries a maximum sentence of 20 years imprisonment . . ."). Thus, pursuant to § 841(C), Petitioner faced a statutory maximum penalty of 20 years, even before his prior drug convictions were considered. Id. By entering a plea, Petitioner was sentenced to 211-months (or 17 1/2 years) imprisonment, which is not above the statutory maximum penalty of 20 years. Consequently, the savings clause in § 2255(e) does not apply to Petitioner's claim and this Court lacks jurisdiction to address his § 2241 petition. See Gilbert II, 640 F.3d at 1312; Chester, 2014 WL 104150 *4.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Petition (Doc. #1) is DISMISSED for lack of jurisdiction

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this 11th day of March, 2014.

*[signature: Sheri Polster Chappell]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record